Swett<br>*v.*<br>Brown and<br>Tr.

JOZEB STOCKING *versus* HENRY FAIRCHILD.

The demandant in a writ of entry counted upon his seisin in mortgage and gave in evidence a paper, on one side of which was a deed apparently absolute, dated and duly executed, and on the other side a writing in the usual form of a condition to mortgage, without date, signature, or seal. *Held*, that this condition was a part of the deed.[2]

THIS was a writ of *entry sur disseisin*, in which the demandant counted on his own seisin in fee and in mortgage. The demandant gave in evidence a deed duly executed from Joshua West to J. G. Norton and H. Stocking, dated September 12, 1823, on the back of which was written a condition in the usual form of a condition to a mortgage, without date, signature, or seal. The tenant objected that this was not a mortgage, but *Putnam* J. ruled that the writing on the back of the deed should be considered as a condition, in the same manner as if it had been inserted in the first page of the deel, above the signature and seal of the grantor. The deed and the condition were recorded on the 13th of September. There was a regular assignment from the grantees to the demandant.

*Porter* and *Byington*, for the tenant, objected that it did

*Sept. 19th.*

[1] See Story on Bailments, 245, 246.
[2] See Revised Stat. c. 59, § 27.

Stocking
v.
Fairchild.

not appear that the signature to the absolute deed was intended to be a signature to the defeasance, ar d that there was no evidence that the condition was written at the same time with the absolute deed. They cited *Right* v. *Price*, 1 Doug. 241 ; *Cabot* v. *Haskins*, 3 Pick. 83 ; *Kelleran* v. *Brown*, 4 Mass. R. 443 ; *Flint* v. *Sheldon*, 13 Mass. R. 447. If the deed was not a mortgage, the declaration is not supported by the evidence. Stearns on Real Actions, 153, 233 ; *St.* 1785, *c.* 22, § 1.

*C. A. Dewey* and *Filley*, *contrà*, cited to the first point, *Knight* v. *Crockford*, 1 Esp. R. 190 ; *Coles* v. *Trecothick*, 9 Ves. 248 ; *Penniman* v. *Hartshorn*, 13 Mass. R. 87 ; *Clason* v. *Bailey*, 14 Johns. R. 487.

*Sept. 21st.*

*Per Curiam.* We think the written condition is a part of the deed.[1] Bringing the action as upon a mortgage is evidence of its being a part of the original contract.

*Judgment for the demandant.*

---

[1] See *Makepeace* v. *Harvard College*, 10 Pick. 303.

But see *Emerson* v. *Murray*, 4 N. Hamp R. 171, where it is held, that before an indorsement can be considered as parcel of a deed, it must be shown affirmatively to have been upon the instrument when executed.

As to the time when an alteration in a deed or other contract is presumed to have been made, see *Henman* v. *Dickenson*, 5 Bingh. 183; *Jackson* v. *Osborn*, 2 Wendell, 555; *Prevost* v. *Gratz*, 1 Peters's C. C. R. 364, 369; *Morris* v. *Vanderen*, 1 Dallas, 67; 1 Stark. Ev. (5th Amer ed.) 318, 319; *Warring* v *Williams*, 8 Pick. 325; Bayley on Bills, (Phil. and Sewall's 2d ed.) 98, 99